UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GENEVA LANGWORTHY,

Plaintiff,

v.

STATE OF WASHINGTON,

Defendant.

Case No. C18-135 RSM

SECOND MINUTE ORDER STRIKING AMENDED COMPLAINT

The following MINUTE ORDER is made by direction of the Court, the Honorable Ricardo S. Martinez, Chief United States District Judge:

On May 15, 2018, the Court received and docketed a filing from Plaintiff entitled "Amended Complaint." Dkt. #21. This was submitted in response to the Court's April 20, 2018, Minute Order. Dkt. #20. However, Plaintiff has not followed the Court's instructions in that Minute Order and this filing will therefore be stricken.

The Court will reiterate what has happened in this case. Plaintiff's original Complaint was filed on the docket February 2, 2018. Dkt. #4. The Complaint complied with the requirements of Federal Rule of Civil Procedure 8(a), in that it contained a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of the claim, and a demand for the relief sought, each in its own separate section. *See id.*

SECOND MINUTE ORDER STRIKING AMENDED COMPLAINT - 1

On April 4, 2018, Plaintiff filed a "Motion to Reduce Relief Amount," asking the Court to "reduce the amount of relief requested in the above-captioned matter to $0.00." Dkt. #16. Plaintiff includes no other explanation for this request. On April 9, 2018, Plaintiff filed her first purported Amended Complaint. Dkt. #19.

In its April 20, 2018, Minute Order, the Court noted that Plaintiff is only permitted to amend her pleading once as a matter of course within 21 days after serving the original Complaint, or 21 days after service of a responsive pleading or Rule 12 Motion from Defendant. Fed. R. Civ. P. 15(a). Otherwise, Plaintiff must seek leave of the Court to amend her Complaint by filing a motion for leave, or obtain the written consent of Defendant. Fed. R. Civ. P. 15(b). The Court examined Plaintiff's first purported Amended Complaint and found that it did not conform to Federal Rule of Civil Procedure 8(a). Instead, it was formatted as a letter to the Court stating additional claims Plaintiff wished to add to her original Complaint. *See* Dkt. #19. Accordingly, the Court struck the first purported Amended Complaint as improper and granted Plaintiff leave "to file a new amended complaint, formatted like her original Complaint, where Plaintiff is free to add her new claims and to adjust her requested relief." Dkt. #20. Plaintiff was given only 21 days, or until May 11, 2018, to file this proper amended complaint. *Id.*

Plaintiff missed that deadline. It does not appear to be a delay caused by the post office. The envelope indicates that this was postmarked in Albuquerque, New Mexico, on May 12, 2018. Dkt. #21 at 2. More importantly, even if it had been received in time, Plaintiff has not followed the Court's instructions to submit a new amended complaint, formatted like her original Complaint, but instead submitted another letter explaining what changes she would

SECOND MINUTE ORDER STRIKING AMENDED COMPLAINT - 2

like to make to her Complaint. This causes the same problems discussed in the Court's April 20, 2018, Minute Order.

Given all of the above, the Court STRIKES Plaintiff's purported Amended Complaint, (Dkt. #21) as procedurally improper.

The Court further notes that Plaintiff has apparently "decided to pursue a civil suit against the State of Washington and the Division of Vocational Rehabilitation in state superior court." Dkt. #21 at 1. If Plaintiff wishes to pursue her claims in another court, it is unclear to this Court why this action should not be dismissed as duplicative.

DATED this 17th day of May 2018.

                                                WILLIAM McCOOL, Clerk

                                                By:    /s/ Paula McNabb
                                                            Deputy Clerk