UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GENEVA LANGWORTHY,

Plaintiff,

v.

STATE OF WASHINGTON,

Defendant.

Case No. C18-135RSM

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on Defendants State of Washington and Governor Jay Inslee ("Defendants")'s Motion to Dismiss under Rules 12(b)(1), (5), and (6). Dkt. #22. Plaintiff Geneva Langworthy has failed to file a response to this Motion. For the reasons stated below, the Court GRANTS Defendants' Motion and will dismiss Plaintiff's claims.[1]

## II. BACKGROUND[2]

Plaintiff Langworthy names as Defendants in this action the State of Washington and Governor Jay Inslee. She states that the Washington State Division of Vocational Rehabilitation has systemically denied vocational rehabilitation services to her, discriminating

---

[1] Defendant's Motion also moves to strike the amended complaint at Dkt. #21, however the Court has already stricken this filing by Minute Order. This request is therefore moot.
[2] The following background facts are taken from Plaintiffs' Complaint, Dkt. #4, and accepted as true for purposes of ruling on Defendants' Motion to Dismiss. Plaintiff has not filed a valid amended complaint to supersede her original Complaint. *See* Dkts. #20 and #23.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

against her based on the class of her disability in violation of 34 CFR 361.42. Her Complaint lists various related regulations. For each regulation, she states the requirements of that regulation and that Defendants either violated the regulation or failed to follow these requirements without any further details. Ms. Langworthy does not describe when, where, or how Defendants violated these regulations. At one point, Ms. Langworthy states a claim for "ADA violations," again without further detail. Ms. Langworthy's Complaint seeks as relief a cash settlement in the amount of $250,000.

### III. DISCUSSION

#### A. Defendants' Motion under Rule 12(b)(5)

Rule 12(b)(5) allows a defendant to challenge the method and content of service. "A summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Furthermore, the Summons and Complaint must be served by a non-party to the proceedings. Fed. R. Civ. P. 4(c)(2). Fed. R. Civ. P. 4(e)-(j) provide for how service is to be made on various individuals and entities. When serving a state, service is completed by either serving the chief executive officer or complying with that state's service laws applicable to the defendant. Fed. R. Civ. P. 4(j). When serving an individual, service can be completed by: (1) complying with the state law where the court is located or service is being made; (2) personally serving the individual; (3) leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) serving an authorized agent. Fed. R. Civ. P. 4(e). A plaintiff has 90 days from the filing of a Complaint to serve a defendant. Fed. R. Civ. P. 4(m).

Defendants argue that Plaintiff has failed to comply with the above service requirements by, *inter alia*, serving only the summonses without copies of the Complaint, and mailing these summonses instead of serving them in person. Dkt. #22 at 5–7. Plaintiff was apparently the

individual who completed the alleged service in contravention of Fed. R. Civ. P. 4(c)(2). *See* Dkts. #9 and #10. More than 90 days have passed since the filing of the Complaint.

Plaintiff has failed to file a response to this Motion. Under this Court's Local Rules, "such failure may be considered by the Court as an admission that the motion has merit." LCR 7(b)(2). The Court finds that Plaintiff's claims should be dismissed without prejudice given her failure to follow the above procedural rules for service. *See* Fed. R. Civ. P. 4(m).

**B. Defendants' Motion to Dismiss under Rule 12(b)(6)**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Defendants argue that the entirety of Plaintiff's Complaint is made up of legal conclusions in violation of the *Twombly/Iqbal* standard. Dkt. #22 at 7. The Court agrees. Plaintiff's allegations are conclusory and essentially a formulaic recitation of the elements of a cause of action. Accordingly, dismissal without prejudice is warranted.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 3

Having so ruled, the Court need not consider Defendants' arguments for dismissal under Rule 12(b)(1). The Court finds that dismissal without prejudice is proper given the particular procedural posture of this case. *See* Dkt. #23 (Minute Order setting forth procedural history).

## IV. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendants' Motion to Dismiss (Dkt. #22) is GRANTED. All of Plaintiff's claims are dismissed without prejudice.

2) This case is CLOSED.

3) The Clerk shall send a copy of this Order to Plaintiff at PO Box 748, Clear Lake, WA 98235.

DATED this 11 day of June, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE