# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

GENEVA LANGWORTHY,

   Plaintiff,

   v.

STATE OF WASHINGTON,

   Defendant.

Case No. C18-135RSM

ORDER DENYING MOTION TO SET ASIDE DISMISSAL AND FOR APPOINTMENT OF COUNSEL

This matter comes before the Court on Plaintiff Geneva Langworthy's "Petition Requesting Dismissal be Set Aside and for Appointment of Counsel." Dkt. #27. Although Ms. Langworthy does not set forth the basis for her request to set aside the dismissal of her claims, the Court interprets this filing as a motion for relief from judgment under Rule 59(e) or Rule 60(b), as well as a motion to appoint counsel. Defendants State of Washington and Governor Jay Inslee oppose these Motions. Dkt. #28. For the reasons stated below, the Court DENIES these Motions.

A motion for relief from judgment under Rule 59(e) should be granted when the Court: "(1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law." *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted). Rule

60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for any of the following six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff Langworthy has failed to present sufficient evidence for relief under either of these rules. Ms. Langworthy essentially argues that the Court's Order dismissing this case was based on "questions of form, not content" and that it would be unjust to dismiss her case. Dkt. #27. The only specific detail Ms. Langworthy discusses is her explanation for a delay in mailing her Amended Complaint. *Id.* at 2. The Court finds that dismissal was warranted in this case under both the Rule 12(b)(5) standard and the Rule 12(b)(6) standard, and that Ms. Langworthy has not provided any justification for her failure to respond to Defendants' Motion to Dismiss. *See* Dkt. #25.

Ms. Langworthy also argues that her procedural mistakes would not have been committed if she had counsel. In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to

articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983).

The Court notes that Ms. Langworthy previously filed a Motion for court-appointed counsel, but withdrew that Motion prior to the Court's Order dismissing this case. *See* Dkt. #18. Ms. Langworthy has not set forth exceptional circumstances for counsel, nor is there a likelihood for success on the merits given the Court's dismissal of her claims. In any event, the Court finds that counsel need not be appointed now, after the case has been dismissed. Dismissal of Ms. Langworthy's claims was without prejudice to her filing her claims again in the future.

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Geneva Langworthy's "Petition Requesting Dismissal be Set Aside and for Appointment of Counsel," Dkt. #27, is DENIED. The Clerk shall send a copy of this Order to Plaintiff at PO Box 748, Clear Lake, WA 98235.

DATED this 10 day of July, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO SET ASIDE DISMISSAL AND FOR APPOINTMENT OF COUNSEL - 3